UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

YVETTE BARBARA BALDWIN,                      Case No. 1:11-cv-71
    Plaintiff,
                                                  Barrett, J.
vs                                              Bowman, M.J.

CINCINNATI BAR ASSOCIATION,
ET AL.,
    Defendants

### REPORT AND RECOMMENDATION

Plaintiff, a resident of Cincinnati, Ohio, has filed a *pro se* complaint against numerous defendants; she claims, among other things, that the action is brought as a "lawsuit arising under the Constitution, laws, or treaties of the United States" as set forth in 28 U.S.C. § 1331. (*See* Doc. 1, "Complaint"). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C.

§§ 1915(e)(2)(B)(i); 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii); 1915A(b)(1). Although a plaintiff's *pro se* complaint must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions"

or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

In this case, plaintiff has named the following entities and individuals as defendants: the Cincinnati Bar Association (CBA); the Cincinnati Bar Foundation; four named CBA officials; the Israeli Ministry of Foreign Affairs; the Hellenic Republic of Greece; the Greece Ministry of Foreign Affairs; the City of Wyoming, Ohio; the City of Wyoming Police Department; the Library of Congress, Office of the Inspector General; WCPO Channel 9; the State of Indiana Post Office; the State of Indiana Attorney General's Office; Bill Fee, the General Manager of WCPO TV; the United Nations Security Council; the Ohio Department of Health and Vital Statistics; the Ohio Board of Education; *Forbes Magazine*, Office of the Chairman; Schiel Elementary School Front-Main Office Employees from 1967 through 1988; and the Fifth-Third Bank Center. (Doc. 1, "Complaint").

As background, plaintiff has alleged the following facts in the complaint for the purpose of substantiating her "heredity, birthright, and biological inheritance:" her mother "is of Egyptian Greek Jewish Royal descent," and her father "is of Greek Jewish Royal descent;" she "learned as [she] matured in life that the honor of Queen of the Country of Israel" was conferred on her and that she is "the holder of an edict to the Country of Israel;" when she was "approximately 1 year of age," she traveled to Greece, where she "accepted the Scepter/Throne of the Country of Greece;" and she is "the holder of an edict to the Country of Greece." The complaint further alleges:

> During my time in Greece I was honored with several edicts from various countries.... England, Israel, India, Egypt and Greece, are a few of the countries that honored me with Edicts from their countries.... During my elementary school years, ... [t]he Greek Government made arrangements with the School and my parents to meet with me ... during homeroom. I was given permission to spend the entire day with Greek Official Mr. Onassis, a film crew, and another student from Schiel

3

> Elementary School.... This was a very exciting time for me; I was prepared by my parents to expect to receive an award/gift. During the day we travelled to various locations filming various roles represented through actions. The filming was somewhat along the lines of a documentary. The award/gift presentation was made to me only by Mr. Onassis. I was presented with a large check award for approximately $1.6 Billion dollars.... Mr. Onassis advised that the Kings would want me to stay out of trouble in order to be able to use the gift/award without any restrictions.... This is significant due to the fact that I am a Royal descent from 13 Royal/Jewish lines. I am a direct Royal descent from the Royal line of Abraham, Isaac, and Jacob; I also carry the 12 tribes of Israel. The Royal descent listing given to me has me listed as descent from several Kings.

(Doc. 1, "Complaint," pp. 13-14).

In the "Statement Of Claim" portion of the complaint, plaintiff states that the named defendants have all been involved in the "substantiation of [her] heredity, birthright, biological inheritance, monarchical role, and financial wealth." (Doc. 1, "Complaint," p. 16). Plaintiff specifically asserts that the CBA was given a copy of the Greek edict to keep on file, which gives her "access as a (Queen of Greece) to various countries;" that *Forbes Magazine* has listed her as a billionaire "for decades;" that she was a member of the United Nations Security Council in the 1960s; that when she was "a pre-school little girl," she traveled to the Library of Congress with a "bus load of young girls" sent by England and Greece "for a play date with me," where they were "shown a display of my Royal International Queen status;" that she was interviewed by Walter Cronkite at WCPO Channel 9 and won an "Oscar/Emmy for the overall interview;" that the Ohio Department of Health and Vital Statistics should have her adoption records containing her "Royal Birth Certificate" on file; that the City of Wyoming should have on file a copy of a request made by the Greek government when she was an employed by the Wyoming police department, asking her "to take a more active status with the rule/role," as well as a copy of "my edict including listing of Royal Descent;" that Schiel Elementary School "should have a file with my edict information, M&I

account information and a reel to reel film of the documentary filmed with Mr. Onassis;" that the Indianapolis post office "may have a listing of the international letters I signed for from Athens, Greece;" and that "[a]s an employee of Fifth-Third Bank in 1998, I should be listed as a billionaire with M&I." (Doc. 1, "Complaint," pp. 19-23).

Plaintiff has brought the action against defendants based on her allegations that she has "been literally ignored as of late years in reference to my monarchical role," and that it appears that defendants are involved in a "systematic conspiracy to remove me from my royal roles, and financial wealth." (Doc. 1, "Complaint," pp. 16-17). She seeks as relief: (1) the transfer of funds from her "M&I account in Indianapolis" to another account; (2) "complete verification of the location and status of the International Constitution/Creeds/Edicts placed on file at the Cincinnati Bar Association in the 1960's;" (3) a "blanket levy in southwestern Ohio to check for accounts that may have available funds set up in [plaintiff's] name;" (4) the Court's assistance with the approval of a bank loan to plaintiff in the amount of $150,000; (5) verification of plaintiff's "status with the United Nations Security Council;" (6) verification of "any films, accounts, international edicts/creeds ... listing [plaintiff] as rightful legal owner;" and (7) acknowledgment of plaintiff's status "as Queen to the Countries of Israel and Greece," as well as verification of her "Royal descent blood lines through Hoxworth Blood Center." (Doc. 1, "Complaint," pp. 24-27).

Plaintiff's allegations do not state a claim with an arguable basis in fact or law, or alternatively, are insufficient to state a claim upon which relief may be granted in this federal court. Most, if not all, of plaintiff's factual allegations pertaining to the "substantiation of her heredity, birthright, biological inheritance, monarchical role [in Israel and Greece], and financial wealth," which was purportedly bestowed by "Mr. Onassis" when plaintiff was in elementary school, are

5

delusional, rising to the level of the irrational or "wholly incredible." *See Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  Even assuming, *arguendo*, plaintiff's allegations are rational enough to pass the "delusional" test, plaintiff has not alleged facts stating a claim against defendants with an arguable or plausible legal basis.  The only facts that plaintiff has alleged against the defendants is that some of the entities either failed to respond to her requests for information or were unable to locate documents or other information requested by her in an attempt to establish her royal or financial status.  These allegations, standing alone, are simply insufficient to support her conclusory claim of an apparent "conspiracy" among the defendants to remove her from her "financial wealth" and "royal roles" as "queen" of Israel and Greece.

Furthermore, to the extent plaintiff alleges that she has been improperly denied access to a bank account with substantial assets that was set up in her name by "Mr. Onassis," she has not named as a defendant any financial entity or official who could have denied her access to such an account.  In any event, plaintiff has filed another civil action pursuant to 42 U.S.C. § 1983 based on those allegations, which was permitted to proceed and is currently pending before this Court for consideration when the matter is ripe for review.  *See Yvette Barbara Baldwin v. M&I Financial Corp., et al.,* Case No. 1:10-cv-952 (S.D. Ohio) (Barrett, J.; Litkovitz, M.J.).

Accordingly, in sum, the Court concludes that the instant complaint is subject to dismissal as frivolous, or alternatively, on the ground that the complaint fails to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint brought against defendants be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).[1]

/s/ *Stephanie K. Bowman*
United States Magistrate Judge

---

[1] It is noted that plaintiff, a non-prisoner, would remain free to apply for *in forma pauperis* status in the Court of Appeals. *See Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

YVETTE BARBARA BALDWIN,         Case No. 1:11-cv-71
    Plaintiff,

                                                      Barrett, J.
vs                                               Bowman, M.J.

CINCINNATI BAR ASSOCIATION, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).